**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALLAN J. REID, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1406-CR-259 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1311-FA-62

**November 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Allan J. Reid brings this appeal challenging his plea of guilty for possession of cocaine as a class B felony. The dispositive issue is whether Reid preserved for appeal any alleged error regarding his plea of guilty. We dismiss.

FACTS AND PROCEDURAL HISTORY

On September 13, 2013, Reid knowingly possessed cocaine or a narcotic drug within one thousand feet of a family housing complex. On November 18, 2013, the State charged Reid with Count I, dealing in cocaine as a class A felony; and Count II, possession of cocaine or narcotic drug as a class B felony. On March 13, 2014, Reid and the State entered into a plea agreement (the "Plea Agreement") in which Reid agreed to plead guilty to Count II and the State agreed to dismiss Count I.[1] The Plea Agreement also provided that Reid's sentence would be fourteen years executed with four years suspended to probation and that he forfeited his right to have his sentence reviewed under Ind. Appellate Rule 7(B). Reid, who was represented by counsel, signed the Plea Agreement, and that same day the trial court held a hearing and accepted his plea, entered a judgment of conviction on Count II, and scheduled a sentencing hearing for April 10, 2014.

On April 8, 2014, prior to Reid's sentencing hearing, Reid, acting *pro se*, filed an appearance and motion to withdraw his guilty plea, in which he stated that his guilty plea

---

[1] The Plea Agreement also concerned charges under two other cause numbers, including a charge of Escape as a class D felony under Cause No. 20C01-1304-FD-400 ("Cause No. 400"), and charges of driving while suspended as a class A misdemeanor and improper or no tail or plate light as a class C infraction under Cause No. 20C01-1302-CM-182 ("Cause No. 182"). Pursuant to the Plea Agreement, Reid agreed to plead guilty to the escape count, and the State agreed to dismiss the charges under Cause No. 182.

"was not voluntary and intelligently made." Appellant's Appendix at 30. The court held a hearing on April 10, 2014, at which Reid appeared and stated that he wanted to represent himself and that he had a "piece of paper right here saying [he has] grounds to take this to trial." Transcript at 27A.[2] On May 1, 2014, the court held a hearing, and Reid again stated that he intended to represent himself and proceed to trial. The court, after advising Reid of his right to counsel and potential pitfalls of self-representation, scheduled a hearing for May 8, 2014. That same day, Reid filed a waiver of attorney and demand to proceed *pro se*, each of which the court accepted. Reid also filed a motion to suppress evidence and a "Discovery Order." Appellant's Appendix at 37.

On May 8, 2014, the court held a hearing at which Reid appeared *pro se* and was accompanied by Attorney Matt Johnson from the public defender's office as standby counsel. The court began the hearing by observing that the hearing was to be on Reid's motion to suppress and the discovery order, which it noted was "in fact, a motion for discovery," and further noted that Reid had previously pled guilty and that sentencing was scheduled. Transcript at 44. Reid agreed that these were the pending matters before the court, the court asked Reid how he wanted to proceed, and Reid responded: "I'd like to have Matt represent me. I want to go on and get a sentence." Id. at 45. The court asked Attorney Matt Johnson if he was prepared to go forward, Attorney Johnson replied affirmatively, and the court stated: "So the defendant's self-representing motions are now

_____

[2] As observed by the State in its brief, the Transcript includes page numbers 26-28 and immediately thereafter includes three different pages of text also numbered 26-28. We shall refer to the first set of pages 26-28 as 26A-28A and the second set of pages as 26B-28B.

3

moot." Id. The remainder of the hearing concerned Reid's sentence. At the hearing, the court specifically asked Reid whether he understood that he was voluntarily waiving "his right to challenge the sentence on the bases that it is erroneous, and waives his right to have appellate review of his sentence under Indiana Appellate Rule 7(B)," and Reid replied: "Yes." Id. at 47. The court sentenced Reid in accordance with the Plea Agreement. In its written sentencing order, the court specifically observed that Reid's *pro se* motions were "deemed moot" and that "[t]o the extent there is any ruling required, they are all denied." Appellant's Appendix at 50.

On May 29, 2014, the court held a hearing in which Reid and the State appeared. At the hearing, the court noted that the Plea Agreement contained "a paragraph 20 that said you have the right to appeal your sentence but you're giving it up; however, that was marked no. Correct?" Transcript at 54. Reid replied affirmatively, the court asked "[s]o you're wanting to appeal your sentence," and Reid responded: "That's correct." Id. Reid soon after told the court "I want to appeal the whole case." Id. The court appointed Reid appellate counsel. This appeal ensued.

DISCUSSION

The issue is whether Reid preserved for appeal any alleged error regarding his plea of guilty. In his brief, Reid frames the sole issue presented as "[w]hether or not the trial court abused its discretion in denying [his] motion to withdraw his guilty plea." Appellant's Brief at 1. The State responds by observing that "the trial court never rejected [the] motion to withdraw guilty plea" and that instead, following Reid's entering

4

into the Plea Agreement and then subsequently filing a *pro se* motion to withdraw the guilty plea, Reid "specifically went to the trial court and declared that he wanted to be represented by counsel again and wanted to be sentenced." Appellee's Brief at 4. The State notes that the court did not reject Reid's motion, but instead declared the motion moot. The State argues that Reid "himself withdrew the withdrawal of his guilty plea" and that "[b]ecause the trial court did not reject [the] motion . . . [Reid's] argument is not available here." Id.

We agree with the State. Although the court stated in its sentencing order that "[t]o the extent there is any ruling required, they are all denied," Appellant's Appendix at 50, at the outset of the May 8, 2014 hearing Reid told the court that he had decided not to pursue proceeding *pro se* to challenge his previous guilty plea, wanted to have representation, and wanted "to go on and get a sentence." Transcript at 45. After conferring with Attorney Johnson, the court specifically declared: "So the defendant's self-representing motions are now moot." Id. Attorney Johnson did not attempt to challenge Reid's guilty plea or the court's decision to declare Reid's previous *pro se* motion to withdraw the guilty plea as moot, and indeed the remainder of the hearing concerned Reid's sentence. To the extent that Reid believes he should have had the opportunity to withdraw his guilty plea, we find that Reid invited the error. See Kingery v. State, 659 N.E.2d 490, 494 (Ind. 1995) ("A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not

5

reversible error."), <u>reh'g</u> <u>denied</u>.  We conclude that the issue Reid attempts to raise has not been preserved for appeal and accordingly dismiss the appeal.

## CONCLUSION

For the foregoing reasons, we dismiss Reid's appeal.

Dismissed.

BARNES, J., and BRADFORD, J., concur.